IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| WANDA ELAINE SMITH-JETER, | ) Civil Action No. 3:10-1188-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| CITY OF COLUMBIA, | ) |
| Defendant. | ) |

Plaintiff, Wanda Elaine Smith-Jeter ("Smith-Jeter"), filed this action on May 10, 2010.[1] She filed a motion for default on July 23, 2010. Defendant, the City of Columbia ("City"), filed a motion to dismiss or in the alternative to make a more definite and certain statement on August 4, 2010. Because she is proceeding pro se, Smith-Jeter was advised on August 5, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the City's motion could result in the dismissal of her complaint. Smith-Jeter filed a response on August 20, 2010. The City filed a reply on August 30, 2010, and Smith-Jeter filed an additional response on September 7, 2010.

## **MOTION FOR DEFAULT**

On July 23, 2010, Smith-Jeter filed a motion, pursuant to Rule 55, for default. She appears to argue that Defendant failed to file a timely answer and thinks that no extension of time should be given for the City to answer. The City contends that Plaintiff granted it an extension of time on or

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

before July 7, 2010, which was prior to the original due date of any responsive pleading from the City and is authorized pursuant to Local Rule 12.01.

The Marshal served the City on June 24, 2010. See Doc. 10. On June 30, 2010, counsel for the City wrote a letter to Smith-Jeter requesting an extension of twenty-one days in which to respond by pleading or otherwise to the Complaint. Smith-Jeter signed as consenting to extend the time for the City to answer or plead until August 4, 2010. See Doc. 11. On August 4, 2010, the City filed a motion to dismiss pursuant to Federal Rule 12.[2]

The Local Rules provide, in pertinent part:

> *Extensions of Time to Respond to a Pleading.* One extension in writing may be granted by a party to respond to an original or amended pleading in which a claim is asserted, provided the extension does not exceed the lesser of twenty-one (21) days or the number of days within which the response was originally due.

Local Civil Rule 12.01 DSC. Here, the City requested, and Smith-Jeter allowed, an extension of time. The City then filed a motion to dismiss within the extended time period such that the motion for default judgment should be denied.

Additionally, to the extent that Smith-Jeter is requesting default judgment under Federal Rule 55[3], it should be noted that an entry of default has not been made. Entry of default should not be

---

[2]Serving a motion under Rule 12 alters the time periods as follows:
(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.
Fed. R. Civ. P. 12(a)(4).

[3]Rule 55 provides:
   Rule 55 provides, in part:

(continued...)

2

made as Smith-Jeter has not shown that the City has failed to plead or otherwise defend. As discussed above, the City has filed a motion to dismiss.

Even if Smith-Jeter could show that the City is in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. See Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974) and Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Thus, it is recommended that Smith-Jeter's motion for default judgment be denied.

## MOTION TO DISMISS

Smith-Jeter alleges that she and her husband, Jesse James Jeter ("Jesse Jeter"), moved to the City of Columbia on January 23, 2009, and since that time have been subjected to a "pattern of intentional bias based on [Plaintiff's] race and disability." Complaint, § III, Para. 3. The alleged bias appears to stem from the denial of two or more claims for damages based on alleged sewer overflows in the basement of Smith-Jeter's home and the payment of a third (or fourth) claim. The parties do not appear to dispute that the claims were handled by Companion Third Party Administrators, LLC ("Companion"). One of the denied claims occurred in conjunction with an incident which occurred

---

[3](...continued)

(a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) **Entering a Default Judgment.**
    (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
    (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment....
Rule 55, Fed. R. Civ. P.

in February 2009, and another denied claim was as to an incident that occurred on October 16, 2009. A third incident occurred on January 29, 2010, for which Companion provided a cleaning service and the City installed a backflow preventer on Smith-Jeter's property.

The City argues that its motion to dismiss should be granted because: (A) Smith-Jeter fails to state a claim upon which relief can be granted; (B) this court lacks subject matter jurisdiction; and (C) Smith-Jeter failed to join a required party (property co-owner Jesse Jeter) under Rule 19. Alternatively, the City argues that Smith-Jeter should be required to make a more definite and certain statement to specify the nature of the grounds for jurisdiction, to specify whether any constitutional deprivations or federal statutory violations are alleged in the Complaint, and to specify her claim(s) (by name and separate from each other) upon which relief is sought. In her response, Smith wrote:

- A. Plaintiff disagrees
- B. Plaintiff agrees.
- C. Plaintiff disagrees.

Plaintiff's Response at 1. In her accompanying memorandum, Smith-Jeter argues that her exhibits and the affidavit of Jesse Jeter (attachments to the memorandum) show a pattern of intentional bias, harassment, and denial of reasonable accommodations in the provision of services based on her race and/or disability. She further argues that she believes that "abuse of power" has been committed against her, and that City employees or agents have alarmed, annoyed, and harassed her in violation of her civil rights. Smith-Jeter asserts that the "voluminous number of individuals involved in these offenses" constituted a conspiracy. She also argues that Jesse Jeter is not a required party.

In its reply, the City argues that the materials submitted by Smith-Jeter should not be considered by the Court because it is not necessary for the Court to look beyond the pleadings in

4

considering a motion to dismiss under 12(b)(6). The City also argues that Smith-Jeter still fails to set forth factual matter to state a claim for relief that is plausible on its face, the material produced by her supply a "more likely explanation" for the denial of her claims than her assertion that they were denied for a discriminatory reason, and she has not addressed any of the reasons asserted by the City in support of dismissal.

In her second reply, Smith-Jeter argues that she has raised a genuine issue of material fact (pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and under Sections 804b and/or 818f of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988) that the City through its employees, agents, or representatives acted with intentional bias to discriminate against her based on race and/or disability. With her second reply, Smith-Jeter submitted her own affidavit and additional exhibits.

1.  Standard of Review

Under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." Id.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

2.     12(b)(1) - Subject Matter Jurisdiction

The City argues that the Complaint fails to state a sufficient basis for federal court subject matter jurisdiction. In her response, Smith-Jeter asserts that this Court has jurisdiction under 42 U.S.C. §§ 1983 and 1985.

This court exercises original jurisdiction over cases presenting questions of federal law. See 28 U.S.C. § 1331. In determining the existence of federal question jurisdiction, courts must look

at what is "presented on the face of a plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Smith-Jeter states in her Complaint that jurisdiction is conferred upon this court by 42 U.S.C. § 405(g). This section, however, address judicial review of "any final decision of the Commissioner of Social Security...." 42 U.S.C. § 405(g). Smith-Jeter, however, has not alleged any actions taken by the Commissioner of Social Security and cannot show that this section confers jurisdiction in this court as to the facts alleged. Although she now argues that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985, she did not include these as bases for jurisdiction in her Complaint and has not filed a motion to amend and a proposed amended complaint.[4]

Smith-Jeter also cannot show that this Court has jurisdiction based on diversity. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.00. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Since Smith-Jeter and the City are residents of the State of South Carolina, complete diversity of parties is lacking.

In her second response, Smith-Jeter appears to assert Title II of the ADA and Title VIII as bases for jurisdiction. These were not included in the Complaint and she has not filed a motion to amend and a proposed amended complaint.[5]

---

[4]Even if her Complaint is read as having asserted jurisdiction pursuant to 42 U.S.C. § 1983 and/or § 1985, it is recommended that the motion to dismiss be granted because Smith-Jeter fails to state a claim as discussed below.

[5]There is also no indication that Smith-Jeter has asserted sufficient factual matter to state plausible claims under these statutes.

7

3.  12(b)(6)

The City argues that its motion to dismiss should be granted because Smith-Jeter fails to state facts sufficient to constitute any cause of action. In her responses, Smith-Jeter appears to assert that her affidavits and exhibits show that the City discriminated against her.

Smith-Jeter has not alleged any facts tending to show that the City directed or influenced the handling of her claims in a discriminatory manner. She has not alleged that the City instituted a policy or directed that Companion or the City handle claims based on the claimant's race and/or disability.

It may be that Smith-Jeter is attempting to assert an equal protection claim. An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. Amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001).

Smith-Jeter fails to state an equal protection claim because she has not alleged that a similarly-situated person outside her protected class(es) was treated differently than she was treated. She also has not alleged sufficient facts to state a plausible claim that any different treatment was the result of intentional or purposeful discrimination. Even considering the materials submitted with her responses, she has presented evidence (including letters from Companion stating that her claims were denied because no negligence by the City was shown and that the damages claimed were not related to the reported incident, and a City email stating that no sewage was found inside the house) that

supplies a "more likely explanation" that the her claims were denied for other reasons rather than being the result of purposeful discrimination. See Iqbal, 129 S.Ct. at 1951.

Smith-Jeter appears to claim that she was discriminated against because her claims were denied. Mere conclusory allegations of discrimination, however, are insufficient to state a claim. Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D.Va.1974). Accepting as true Smith-Jeter's allegations, she has not alleged sufficient factual material to state a claim for discrimination that is plausible.[6]

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motion for default judgment (Doc. 13) be denied. It is also recommended that Defendant's motion to dismiss (Doc. 16) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

February 22, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[6]As the undersigned recommends that this action be dismissed for lack of jurisdiction and/or for Plaintiff's failure to state a claim, it is not necessary to determine whether the action should be dismissed pursuant to Rule 19.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).