IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wanda Elaine Smith-Jeter, | ) | C/A: 3:10-1188-JFA-JRM |
| Plaintiff, | ) ) ) | |
| vs. | ) | ORDER |
| City of Columbia, | ) ) ) | |
| Defendant. | ) ) | |

_____

The *pro se* plaintiff, Wanda Elaine Smith-Jeter, brings this action alleging that she and her husband have been subjected to a pattern of intentional bias based upon race and disability at the hands of the City of Columbia. The dispute arises over several claims for damages based on alleged sewer overflows in the basement of the plaintiff's home.

Before the Magistrate Judge assigned to this action[1], the plaintiff moved for a default judgment and the defendant moved to dismiss the complaint for failure to state a claim. The Magistrate Judge has prepared a thorough Report and Recommendation suggesting that the motion for default judgment be denied and the motion to dismiss be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 23, 2011. The plaintiff filed timely objections to the Report and also filed a motion to amend the complaint, together with a copy of the proposed amended complaint.

As to the Magistrate Judge's recommended disposition of the motion for default judgment, the plaintiff has failed to take specific objection to that portion of the Report and Recommendation, and the court hereby affirms the Magistrate Judge and denies the motion for entry of default judgment.

Regarding the motion to dismiss for lack of subject-matter jurisdiction, the Magistrate Judge points out that the plaintiff's complaint refers to a provision of the Social Security Act, a federal law clearly not applicable to this controversy, and does not otherwise state a basis for jurisdiction in the federal courts. Federal courts are courts of limited jurisdiction and are required to police their jurisdiction by carefully scrutinizing incoming complaints to be sure there is a legal basis for asserting the claim in federal court. Here, the Magistrate Judge, following his usual pattern of careful and thoughtful analysis of the situation, recommends that the motion to dismiss be granted.

In objecting to this portion of the Report, the plaintiff points out that she has filed, contemporaneously with the objections to the Report, a motion to amend the complaint and a proposed amended complaint. The new complaint refers to provisions of the Americans

2

with Disabilities Act and the Federal Fair Housing Act, both of which confer jurisdiction on federal courts to hear certain types of controversies.

Rule 15 of the Federal Rules of Civil Procedure allows parties to amend their pleadings after obtaining leave from the district court. Courts are encouraged to grant leave freely "when justice so requires" and the decision to grant or deny a motion to amend is vested in the district court's discretion. *See Deasy v. Hill* 833 F.2d 38, 40 (4th Cir. 1987). In considering a motion to amend, the court must weight the amount of prejudice to the opposing party, whether the movant acted in bad faith, whether the amendment will cause undue delay, or if they party seeking to amend acted with a dilatory motive. Additionally, the court must review the timeliness of a plaintiff's motion to amend.

Although it would have been more appropriate for the plaintiff to file her complaint in proper form from the outset, or at least to amend the complaint when the deficiencies were brought to her attention, the court will, out of deference to the fact that the plaintiff is a *pro se* litigant, grant the motion to amend the complaint and remand the action to the Magistrate Judge for further consideration of the action.

Accordingly, the Report and Recommendation is adopted in part and the plaintiff's motion for entry of default judgment is denied. The court grants the motion to amend the complaint. The court expresses no opinion whatsoever as to the merits of the amended complaint. Plaintiff shall file and serve the amended complaint within fourteen (14) days of the date of this order. The Clerk is directed to returned this action to the Magistrate Judge

for further proceedings. The defendant's motion to dismiss is therefore denied without prejudice.

The court takes this opportunity to admonish the plaintiff that litigants should not attempt to manipulate this court's jurisdiction. In order for the plaintiff to successfully prosecute an action for discrimination based upon disability, race, or some other protected category, the plaintiff must have a good faith belief that she has been subject to actual discrimination, that is, she was treated differently from similarly situated individuals because of her status. Merely incanting the word "discrimination" might allow a litigant to survive a motion to dismiss based upon a lack of federal subject matter jurisdiction, but it does not mean that the case will go forward to a trial before a jury.

The plaintiff should examine carefully whether the facts available to her give rise to a good faith claim for disability or status discrimination. If she cannot in good faith make such claim, she should seriously consider filing this action in the state courts of South Carolina, which are equipped to hear non-federal claims. Again, the court expresses no opinion whatsoever on the merits of such claim should one be filed in the state courts.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 14, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge