**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Wanda Elaine Smith-Jeter, | ) | Civil Action No. 3:10-1188-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Wanda Elaine Smith-Jeter, filed this action on May 10, 2010.[1] Defendant, the City of Columbia, filed a motion to dismiss or in the alternative to make a more definite and certain statement on August 4, 2010. On February 23, 2011, the undersigned recommended that Plaintiff's motion for default judgment be denied and Defendant's motion to dismiss be granted. Plaintiff filed an objection to the Report and Recommendation together with a motion to amend her complaint. In an order issued on March 14, 2011, the Honorable Joseph F. Anderson, Jr., United States District Judge, allowed Plaintiff to amend her complaint, denied Defendant's motion to dismiss without prejudice, and recommitted this action to the undersigned for further pretrial matters.[2]

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e), DSC. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In his Order, Judge Anderson specifically stated:
In order for the plaintiff to successfully prosecute an action for discrimination based upon disability, race, or some other protected category, the plaintiff must have a good faith belief that she has been subject to actual discrimination, that is, she was treated differently from similarly situated individuals because of her status. Merely incanting the word "discrimination" might allow a litigant to survive a motion to dismiss based upon a lack of federal subject matter jurisdiction, but it does not mean the case will go forward to a trial before a jury.

Doc. 28

Plaintiff's amended complaint was filed on March 18, 2011, and Defendant filed a motion to dismiss or in the alternative to make a more definite and certain statement on March 31, 2011. As Plaintiff is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 31, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, Defendant's motion may be granted, thereby ending her case. Plaintiff filed a response on April 5, 2011, as well as another motion to amend her complaint. She sought to amend her complaint to assert that jurisdiction was conferred upon the Court under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 **and/or** Sections 804b and/or 818f of Title VII of the Civil Rights Act of 1968 as amended by the Fair Housing Act ("FHA") of 1988 (rather than under the ADA **and** the FHA). Defendant did not object, and the motion was granted on April 26, 2011. Plaintiff's second amended complaint was thereafter filed on April 26, 2011.

In response to Plaintiff's most recent amended complaint, Defendant filed a motion to dismiss or in the alternative to make a more definite and certain statement (which merely reiterates Defendant's March 31, 2011 motion) on May 12, 2011, and a second Roseboro order was sent to Plaintiff. Plaintiff filed a response on May 16, 2011.

FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

Plaintiff, who is black, alleges that Defendant discriminated against her based on her race and disability pursuant to the FHA and/or ADA. See Second Amended Complaint ("AC2"), at 2, 6. The alleged discrimination appears to stem from the denial of at least two claims for damages due to sewage overflows at Plaintiff's residence. The claims were handled by Companion Third Party Administrators, LLC ("Companion"). See AC2 at 3.

City of Columbia employees (on an unspecified date)[3] broke a ceramic pipe located underground on her property. Id. On October 16, 2009, Plaintiff's basement toilet began to overflow with sewage and water began to pool at the site of the broken pipe. She called Companion and Companion employee Penny Shelley ("Shelley") rejected her claim without sending anyone out to look at it despite being informed that Plaintiff "belonged to a disabled household living on a fixed income and that [Plaintiff] did not believe that [Plaintiff] should have to pay a plumber to fix a problem caused by the City and that [Plaintiff] could not afford it." Plaintiff believes that this denied her adequate sewer services, for which she had paid, in violation of her civil rights. AC2 at 4.

E. W. Cromartie, II, a former City of Columbia Council member, during a local television story concerning Plaintiff's plight, stated that Defendant was not at fault. Plaintiff believes this "served to encourage some of the intentional biased practices." AC2 at 4-5.

On January 29, 2010, Plaintiff's basement toilet overflowed again and water flowed out of the ground from the overflow clean-out pipe that the City of Columbia installed in February 2009. Defendant responded and on February 1, 2010, a backflow preventer was installed and a broken ceramic pipe was "cut out." She believes the pipe was broken earlier by City of Columbia Wastewater Management supervisor Joe Glynn (who denied doing so). AC2 at 5-6.

Plaintiff offered her husband, Jesse Jeter, as a witness to the incidents, but Shelley rejected his eyewitness accounts as well as those of Plaintiff. Plaintiff believes that Shelley did so because Plaintiff and her husband are black and the houses surrounding Plaintiff's home have at least 99% black occupants. AC2 at 6.

---

[3]This may have been in February 2009. See AC2 at 5.

## STANDARD OF REVIEW

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662 __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

DISCUSSION

Plaintiff appears to allege that she was discriminated against based on a disability in violation of the ADA and/or based on race and/or disability in violation of the FHA. Defendant argues that its motions to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) Plaintiff fails to state a claim under the ADA; (2) Plaintiff fails to state a claim under the FHA, and (3) Plaintiff failed to join a required party (property co-owner Jesse Jeter) under Rule 19. Alternatively, Defendant requests Plaintiff be required to make a more definite statement of her claims, and states that "[a]s they stand, the Plaintiff's claims are so vague and ambiguous that the Defendant cannot reasonably prepare a response." Doc. 31-1 at 10.

In her responses, Plaintiff argues that she has stated a claim for intentional malice and bias that can be enhanced by additional facts that can be proven through discovery or trial, she has not merely offered labels and conclusions or a formulaic recitation of the elements of a cause of action, she experienced another sewer spill at her home and property in early 2011 to which Defendant was called and responded, the sewer problem still exists and she could possibly have future sewage spills at her home, this action should not be dismissed for failing to join her husband Jesse Jeter as a party because ownership is in Plaintiff's name "or" (not "and") Jesse Jeter's name, alleged fear of a second lawsuit is insufficient to require joinder, her second amended complaint is not vague or insufficient as Defendant has produced an eleven-page document in response, Defendant has failed to address all facts as required by Fed. R. Civ. P. 56,[4] Plaintiff's version of the facts is supported with materials

---

[4] Rule 56 concerns motions for summary judgment and provides that "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. As noted above, Defendant made motions to dismiss (not a motion for summary judgment) pursuant to Fed. R. Civ.
(continued...)

from the record,[5] and Plaintiff believes Defendant's motions are redundant and present an insufficient defense.

    1.    ADA

Plaintiff appears to allege that she was discriminated against based on a disability in violation of Title II of the ADA. Defendant argues that Plaintiff fails to state a claim under the ADA because she has made no showing that she is "disabled" or is a "qualified individual" under the ADA.

The ADA provides that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must establish that: (1) she has a disability as defined by the ADA; (2) she is otherwise qualified for the benefit or program at issue; and (3) she was excluded from the benefit or program on the basis of her disability. See Davis v. University of North Carolina, 263 F.3d 95 (4th Cir. 2001); Baird v. Rose, 192 F.3d 462, 467 (4th Cir.1999). A disability is defined as a "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

---

[4](...continued)
P. 12(b)(6).

[5] As these are motions to dismiss, the facts have been taken in the light most favorable to Plaintiff, as noted above.

Plaintiff's second amended complaint does not contain sufficient factual matter to state a plausible claim under the ADA. First, she merely states that she is disabled. Plaintiff fails to assert facts that plausibly state she has a disability as defined by the ADA. Second, she fails to assert facts that plausibly state she was excluded from a benefit or program on the basis of her alleged disability. Plaintiff does not explain how she was denied a benefit (sewer service) based on her alleged disability. She does not allege that she was ever without sewer service. Plaintiff has not claimed that any other toilet in her house overflowed other than the one in her basement. She fails to state any facts to show how the rejection of a claim (by Companion) concerning damage from a sewer backup is a denial of a benefit under the ADA. Further, Plaintiff has not stated any facts to plausibly state that sewage overflow or disruption of her sewer service was based on her disability.

2. FHA

Plaintiff appears to allege that she was discriminated against based on her race and/or disability under the FHA. Defendant argues that Plaintiff fails to state a claim under the FHA, because the sections which Plaintiff cites bar racial discrimination in the sale and rental or provision of services in connection with the sale or rental of a dwelling, but there is no sale or rental of a dwelling involved in Plaintiff's claims. Additionally, Defendant argues that Plaintiff has not alleged that it or Companion adopted a policy to handle claims differently based on race or disability, at most Plaintiff has alleged facts that it was a mistake or wrong to deny her claims, and she has not set forth facts to assert that Defendant acted with discriminatory purpose.

Plaintiff claims that Defendant violated her rights under Sections 804b and/or 818f of the FHA. Section 804(b) of the FHA prohibits discrimination in the sale or rental of a dwelling, or in

the "provision of services" in connection with such sale or rental. 42 U.S.C. § 3604(b). Section 818[6] of the FHA makes it illegal to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of ... any right" granted or protected by the Fair Housing Act. 42 U.S.C. § 3617.

Even if Plaintiff's claims can be brought under the FHA,[7] she fails to allege sufficient facts to state a claim. To establish a prima facie case of discrimination under the FHA, Plaintiff must demonstrate that either the housing action or practice being challenged was motivated by a discriminatory purpose or had a discriminatory impact. Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984). Here, Plaintiff fails to allege sufficient facts to state a plausible claim that any housing action was motivated by a discriminatory purpose or had a discriminatory impact. Plaintiff asserts that her claims for damages from the sewage spills were denied, but has merely stated that she thinks Shelley did so because Plaintiff is black. Shelley and Companion, however, are not parties to this action. Plaintiff has not alleged any facts tending to show that the Defendant directed or influenced the handling of her claims in a discriminatory manner. She has not stated a claim that Defendant plausibly caused the alleged sewage overflows or disruptions in service based on her race or disability. Plaintiff has not alleged that the Defendant instituted a policy or directed that Companion deny Plaintiff's claims based on her race or disability.[8]

---

[6] Plaintiff refers to section 818f. She appears to refer to section 818.

[7] It is unclear that the FHA applies, as Plaintiff has not alleged that the incidents were in connection with the sale or rental of a dwelling.

[8] Additionally, Plaintiff fails to assert facts to plausibly state she has a "handicap" under the FHA. The FHA defines "handicap" as (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 3602(h).

Further, Plaintiff has not stated a plausible claim that the alleged discriminatory denial of her claims by Companion for damages or that a temporary disruption of sewer service at a residence falls under the "services provision" of the FHA. The FHA's "services provision" requires that "such things as garbage collection and other services of the kind usually provided by municipalities" not be denied on a discriminatory basis and does not extend to every activity affecting neighborhood residents. Jersey Heights Neighborhood Association v. Glendening, 174 F.3d 180 (4th Cir. 1999)(citing Mackey v. Nationwide Ins. Cos., 724 F.2d 419, 423 (4th Cir. 1984)(hazard insurance is not a "service")); see also Clifton Terrace Assoc., Ltd. v. United Techs. Corp., 929 F.2d 714, 720 (D.C.Cir. 1991)(elevator manufacturer is not a provider of "services"); Southend Neighborhood Improvement Ass'n v. County of St. Clair, 743 F.2d 1207, 1210 (7th Cir. 1984)(stadium site selection is not the provision of a "service").

Plaintiff has not alleged that she was denied sewage service. This is not a case where a municipality refused to provide a residence with sewer service. Although, in the light most favorable to Plaintiff, there were disruptions in service and sewage spills due to a broken pipe and the need for a backflow preventer, Plaintiff has asserted no facts to state a plausible claim that these sewer incidents occurred based on a discriminatory purpose.[9]

## MOTION FOR SUMMARY JUDGMENT

On February 21, 2010, Plaintiff filed a pleading titled "REPORT OF RETALIATION AND REQUEST FOR SUMMARY JUDGMENT." She appears to assert that she is being retaliated against because she and her husband were issued a "WRITTEN NOTICE OF VIOLATION" by the

---

[9]As the undersigned recommends that this action be dismissed for Plaintiff's failure to state a claim, Defendant's argument pursuant to Rule 19 has not been addressed.

City of Columbia pursuant to City of Columbia Ordinance § 302.8 (Motor Vehicles), for allegedly having an inoperative or unlicensed motor vehicle parked at her home. There is no indication that any civil or criminal action has been taken against Plaintiff as a result of the notice.

Plaintiff fails to provide any basis for the granting of summary judgment in her favor. She has not shown, as required for a court to grant a motion for summary judgment, that there is no genuine dispute as to any material fact. See Fed. R. Civ. P. 56. Additionally, as she fails to state a claim in her Second Amended Complaint (as discussed above), her motion for summary judgment may be moot.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motions to dismiss (Docs. 31 and 40) be **granted**, and that Plaintiff's motion for summary judgment (Doc. 44) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

February 24, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).