# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wanda Elaine Smith-Jeter, | C.A. No.: 3:10-cv-1188-JFA-JRM |
| Plaintiff, | |
| v. | **ORDER** |
| City of Columbia, | |
| Defendant. | |

This matter is before the court upon Plaintiff Wanda Elaine Smith-Jeter's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant Defendant City of Columbia's motion to dismiss. For the reasons set forth below, the court adopts the Magistrate's report, overrules the Plaintiff's objections, grants Defendant's motion to dismiss, and denies Plaintiff's motion for summary judgment.

## BACKGROUND

Plaintiff filed the present action on May 10, 2010. In an order issued on March 14, 2011, this court allowed the Plaintiff to amend her complaint.[1] In that order, the court admonished Plaintiff that she "should examine carefully whether the facts available to her give rise to a good faith claim for disability or status discrimination." (ECF No. 28.) Plaintiff amended her complaint, and with the consent of defendant, has amended her complaint a second time. Plaintiff's Second Amended Complaint alleges violations of

---

[1] On February 23, 2011, the Magistrate recommended that this court grant Defendant's earlier motion to dismiss. (ECF No. 24.) This court declined and afforded Plaintiff the opportunity to amend her complaint.

1

Title II of the American's with Disabilities Act (ADA) § 12132 "and/or" Sections 804b and/or 818f of Title VII of the Civil Rights Acts of 1968 as amended by the Fair Housing Act (FHA).

Plaintiff alleges that Defendant discriminated against based on her disability in violation of the ADA and that the Defendant discriminated against her based on her disability and race in violation of the FHA. Viewing the facts in the light most favorable to Plaintiff, Defendants broke a pipe located underground on Plaintiff's property in February 2009. As a result, Plaintiff's basement toilet overflowed on October 16, 2009 and sewage and water leaked at the site of the break in the pipe. Plaintiff then contacted Companion Third Party Administrators, LLC (Companion), who handled Defendant's claims. Penny Shelley was the employee that Plaintiff spoke with at Companion. Plaintiff informed Shelley that she "belonged to a disabled household," but Companion denied her claim. On January 29, 2010, Plaintiff's toilet again overflowed, and on February 1, 2010 the City of Columbia installed a backflow preventer. Plaintiff alleges that the denial of her claim violated her civil rights. She alleges that the denial was because she and her husband, Jesse Jeter, are black and because at least 99% of the surrounding homes in the area have black occupants.

Defendant has filed a motion to dismiss or in the alternative to make a more definite statement.[2] (ECF No. 40.) The court advised the Plaintiff in a *Roseboro* order of the importance of her adequate response to the motion to dismiss and Plaintiff responded

---

[2] Because Defendant re-filed the motion to dismiss (ECF No. 40) after Plaintiff amended her complaint, the earlier motion to dismiss (ECF No. 31) is now moot.

with a memorandum in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Magistrate Judge assigned to the case has issued an R&R recommending that Defendant's motion to dismiss be granted and that Plaintiff's summary judgment motion be denied.[3] Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that the plaintiff appears before the court *pro se*, and therefore, her pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim

---

[3] The plaintiff has filed a motion styled a "Report of Retaliation and Request for Summary Judgment." (ECF No. 40.) Plaintiff appears to allege that Defendant retaliated against her by way of a citation issued pursuant to a City of Columbia Motor Vehicle Ordinance. That motion does not provide any valid basis for this court to grant summary judgement in her favor, and because this court finds that Defendant's motion to dismiss should be granted, Plaintiff's motion for summary judgment is accordingly denied.

3

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Accordingly, a plaintiff must put forth claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

### DISCUSSION

The Magistrate Judge recommends that this court grant Defendant's motion to dismiss because Plaintiff's Second Amended Complaint fails to state a claim as a matter of law. Plaintiff first claims a violation of the ADA in which she alleges that she was

discriminated against on the basis of her disability. To state a claim under that section, Plaintiff must establish that (1) she has a disability; (2) she is otherwise qualified for the benefit or program at issue; and (3) she was excluded from the benefit or program on the basis of her disability. *See Davis v. Univ. of N.C.*, 263 F.3d 95, 99 (4th Cir. 2001); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). The Magistrate determined that Plaintiff's Second Amended Complaint did not allege facts sufficient to state a plausible claim under the ADA. First, Plaintiff failed to assert facts that plausibly show that she had a disability because she merely stated that she is disabled. Second, she fails to assert facts that plausibly showed that any benefit was denied, and she does not state she was without sewer service—the benefit at issue. Finally, Plaintiff has not stated facts that plausibly show that any disruptions or problems with the sewer service were based on her alleged disability.

The Magistrate reached the same conclusion for Plaintiff's claims under the FHA. The FHA section Plaintiff relies upon prohibits discrimination in the sale or rental or a dwelling, or in the "provision of services" in connection with a sale or rental of a dwelling. 42 U.S.C. § 3604(b) (2006). Because Plaintiff has not shown that her claim involves the sale or rental of a dwelling, her complaint fails to state a claim under the FHA. Moreover, to establish a prima facie case under the FHA, Plaintiff must show that the practice being challenged was motivated by a discriminatory purpose or had a discriminatory impact. *Betsey v. Turtle Creek Assoc.*, 736 F.2d 983, 986 (4th Cir. 1984). The Magistrate concludes that Plaintiff again fails to assert facts that plausibly show that any housing action was motivated by a discriminatory purpose or had a discriminatory

5

impact. Additionally, Shelley and Companion are not parties to this action, and Plaintiff has not alleged that Defendant instituted a policy or directed that Companion to deny Plaintiff's claim based on a policy.

Plaintiff has timely filed objections to the R&R. First, Plaintiff first appears to dispute some of the facts as recited by the Magistrate, but none of the facts Plaintiff contests bear on or cure the deficiencies the Magistrate noted. Plaintiff then states that she believes her disability has been established by reference. Plaintiff references a letter, attached as an exhibit to the objections, from the Social Security Administration referencing a claim as evidence of her disability. The letter, however, does not refer to a specific disability or otherwise provide any specific evidence of a disability. In other portions of her response,[4] Plaintiff merely states that she disagrees with the analysis and conclusions of the Magistrate. Finally, Plaintiff includes an affidavit in which she contests some of the facts as stated by Penny Shelley. Again, the facts that Plaintiff details in this portion of her objections do not align with the deficiencies noted by the Magistrate.

Plaintiff's response suffers from the same deficiencies as her Second Amended Complaint—it offers only conclusory statements and does not state facts that plausibly support the claims asserted. The fatal flaw in Plaintiff's complaint is its factually deficient pleadings. Though Plaintiff appears to contest some of the facts involved in the case, the facts that she contests do not align with those noted by the Magistrate. In other

---

[4] Plaintiff has included a "Declaration of Wanda E. Smith-Jeter in Opposition to Report and Recommendation," ECF No. 47-2, as a part of her Objections.

6

words, Plaintiff's objections fail to cure the factual deficiencies noted by the Magistrate. For example, Plaintiff disputes some of the particulars in her conversation with Penny Shelley and specific dates when Defendant visited her property. In order to maintain the cause of action under the ADA, Plaintiff must allege facts that plausibly show she has a disability, and that the actions to which she refers occurred because she has a disability. As with her Second Amended Complaint, Plaintiff's objections do not address this issue. Additionally, the Magistrate noted that Plaintiff, in her claim pursuant to the FHA, did not allege that the problems at issue arose in connection with the sale or rental of a dwelling, and in her objections, Plaintiff does not address this problem, and in fact, states that she is the homeowner. (*See* Pl.'s Obj. 4, ECF No. 47.) Rather than address the specific deficiencies noted by the Magistrate, Plaintiff primarily recites her belief that Defendant's actions were motivated by discrimination. As previously noted by this court,[5] Plaintiff's mere belief that Defendant's conduct was motivated by discrimination is not sufficient to maintain this action. Accordingly, Plaintiff's objections to the R&R are hereby overruled.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the R&R, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this R&R by specific reference.

---

[5] *See* Order of March 14, 2011, ECF No. 28.

For the reasons discussed above, Defendant's motion to dismiss is granted, Plaintiff's motion for summary judgment is denied, and the Plaintiff's Second Amended Complaint is dismissed with prejudice. The clerk is instructed to close the case.

IT IS SO ORDERED.

March 8, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge